OPINION OF THE COURT
Memobandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiffs assignor and defendant Vascof Realty Corp., tenant and landlord respectively, entered into a lease for certain premises located at 254 West 14th Street in New York City. Vascof also owned three other buildings, located at 250, 252 and 256 West 14th Street, which adjoined plaintiff’s building and which constituted part of the same parcel. In April, 1977, without notice to plaintiff, Vascof sold the property located at 250 and 252 West 14th Street. Plaintiff thereupon initiated the present suit seeking equitable relief as well as damages.
At issue is the meaning to be attached to the last sentence of the following paragraph of the lease agreement: "Should the landlord during the term of this lease or any written agreed renewal thereof offer to sell said premises, the tenant shall have the first right of refusal of such offer. Such right shall extend for a period of 60 days after notice thereof is given in writing to the tenant by the landlord, and if not unconditionally accepted by the tenant within that time, such right shall expire and become null and void for all purposes. *772 This provision shall also apply to the entire parcel owned by the landlord on the southeast corner of 8th Ave. & 14th St.”
Plaintiff contends that his right of first refusal extends not only to the sale of the leased premises but also, by operation of that last sentence, to the sale of any portion of the whole parcel. We agree as did both courts below.
The interpretation of the contractual language suggested by Vascof — that the tenant’s option rights are limited by the language of the lease provision to situations involving either the sale of the demised premises alone or the sale of the entire undivided parcel, renders the provisions of the last sentence meaningless. The paragraph, as originally drafted, did not include this sentence; it appears to have been added by the landlord’s attorney during contract negotiations in response to the tenant’s expressed desire to protect his right to expand into the buildings adjoining his property. Reading the paragraph without this added sentence we would conclude that plaintiff would have had the right of first refusal in the same two instances — in the event of a sale of the leased premises, 254 West 14th Street, or in the event that the entire parcel, including 254 West 14th Street, were offered for sale— precisely the consequence the landlord would attach to the added sentence. So to interpret the agreement would be to accord no meaning to the added sentence.
Accordingly we hold, as did both courts below, that the tenant’s option rights embrace not only the sale of the demised premises or of the whole parcel, but the sale of any part thereof as well.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum. Question certified answered in the affirmative.